IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO.: 1:18 CR 740 |
| JENNIFER RICCARDI, JOSEPH DENNIS, | ) ) ) ) | Title 18, Sections 371, 981(a)(1)(C), 982(a)(2)(B), 1708, 1709, 1029(a)(3), 1029(b)(2), 1029(c)(1)(C) and 2, United States Code; Title 28, Section 2461(c), United States Code |
| Defendants. | ) ) ) | |



JUDGE ADAMS

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

1.  Defendants JENNIFER RICCARDI and JOSEPH DENNIS were residents of Cleveland, Ohio.

2.  RICCARDI was employed by the U.S. Postal Service ("USPS") as a mail processing clerk. RICCARDI's official duties included processing and handling U.S. mail at the USPS Processing and Distribution Center in Cleveland, Ohio. The mail that RICCARDI handled in the course of her official duties primarily included mail that had been sent by USPS customers in the Northeast Ohio area for USPS delivery to addresses in Northeast Ohio and elsewhere, including foreign countries.

3.  As defined in Title 18, United States Code, Section 1029(e):

    a.  "Access Device" includes any card, plate, code, account number, electronic serial number, personal identification number or other means of account access that can be used alone or in conjunction with another access device to obtain money,

goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument); and

        b.      "Unauthorized access device" means any access device that is lost, stolen, expired, revoked, cancelled or obtained with the intent to defraud.

    4.      As used herein, the term "gift card" refers to a card or other item that has an account number, electronic serial number, personal identification number or other means of account access that permits the holder to use stored value or credit associated with the gift card to obtain money, goods, services, or other things of value.

COUNT 1
(Conspiracy to Commit Theft of Mail and Possession of Stolen Mail, 18 U.S.C. § 1708, in violation of 18 U.S.C. § 371)

The Grand Jury charges:

    5.      Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

    6.      From in or around December 2016, and continuing through on or about December 11, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants JENNIFER RICCARDI and JOSEPH DENNIS did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to steal, take, and embezzle from or out of the intended mail route letters, packages, and other mail, and any article and thing contained therein, and to receive, conceal, and possess such stolen, taken, and embezzled mail and articles and things contained therein, knowing the same to have been stolen, taken, and embezzled, in violation of Title 18, United States Code, Section 1708.

## OBJECT OF THE CONSPIRACY

7. It was the object of the conspiracy that Defendants enriched themselves and others by: (i) stealing mail containing gift cards and cash; (ii) using and attempting to use the stolen gift cards to fraudulently obtain merchandise and other things of value; and (iii) selling stolen gift cards or fraudulently purchased merchandise, in the Northern District of Ohio, Eastern Division, and elsewhere.

## MANNER AND MEANS OF THE CONSPIRACY

8. It was part of the conspiracy that:

   a. From time to time, RICCARDI used her official position as a USPS employee to embezzle and steal large quantities of U.S. mail pieces she believed were likely to contain gift cards and cash, pulling suspected greeting cards and other mail out of the mail stream as she was supposed to be sorting the mail for delivery by the USPS, and setting those mail pieces aside. RICCARDI concealed the mail pieces she had taken from the mail stream in bags and by other means, and transported the stolen mail to Defendants' residence in Cleveland, Ohio, during her mid-shift break or at the end of her shift.

   b. From time to time, Defendants opened stolen mail pieces, searching for and removing cash and gift cards whenever present.

   c. From time to time, after removing gift cards and cash, Defendants discarded the remainder of the stolen mail pieces in the garbage and by burning the mail pieces.

   d. From time to time, Defendants used the stolen gift cards to make fraudulent purchases at retailers and restaurants, purchasing merchandise, food, beverages, and other things of value.

3

e. From time to time, Defendants used the stolen gift cards to fraudulently place orders with online retailers, purchasing merchandise and other things of value to be delivered to Defendants' residence in Cleveland, Ohio, including approximately $6,700 in Amazon.com purchases made with stolen gift cards.

f. From time to time, Defendants sold stolen gift cards and fraudulently purchased merchandise to other individuals and also to businesses that deal in gift cards, receiving cash in return.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

9. In furtherance of the conspiracy and to achieve its objectives, Defendants and their co-conspirators committed the following overt acts, among others, in the Northern District of Ohio, Eastern Division, and elsewhere:

a. In or around December 2016, while processing and handling U.S. mail at the USPS Processing and Distribution Center in Cleveland, Ohio, RICCARDI stole mail pieces she believed were likely to contain gift cards and cash.

b. On or about December 21, 2016, DENNIS sold 15 gift cards that RICCARDI had stolen from the mail stream to the Gift Card Loop, a business in Cleveland, Ohio, that buys and sells gift cards.

c. On or about December 23, 2016, DENNIS sold 9 gift cards that RICCARDI had stolen from the mail stream to the Gift Card Loop.

d. On or about December 26, 2016, DENNIS sold 8 gift cards that RICCARDI had stolen from the mail stream to the Gift Card Loop.

e. On or about February 2, 2017, DENNIS sold 9 gift cards that RICCARDI had stolen from the mail stream to the Gift Card Loop.

4

f.  On or about July 12, 2017, RICCARDI used two stolen Amazon.com gift cards to order tires, to be delivered to Defendants' residence.

g.  On or about August 12, 2017, DENNIS used nine stolen Amazon.com gift cards to order a laptop computer and an accessory, to be delivered to Defendants' residence.

h.  On or about August 28, 2017, DENNIS used 16 stolen Amazon.com gift cards to order a 50-inch flat-screen television, to be delivered to Defendants' residence.

i.  In or around September 2017, while processing and handling U.S. mail at the USPS Processing and Distribution Center in Cleveland, Ohio, RICCARDI stole a letter containing a $25 Starbucks gift card.

j.  In or around September 2017, while processing and handling U.S. mail at the USPS Processing and Distribution Center in Cleveland, Ohio, RICCARDI stole a letter containing a $70 Kohl's gift card.

k.  On or about September 14, 2017, DENNIS used the stolen $25 Starbucks gift card to make a fraudulent purchase at a Starbucks location in Independence, Ohio.

l.  On or about September 17, 2017, RICCARDI and DENNIS used the stolen $70 Kohl's gift card to make a fraudulent purchase at a Kohl's location in Parma, Ohio.

m.  On or about September 22, 2017, RICCARDI and DENNIS used the stolen $25 Starbucks gift card to make a fraudulent purchase at a Starbucks location in Garfield Heights, Ohio.

n.  On or about December 7, 2017, while processing and handling U.S. mail at the USPS Processing and Distribution Center in Cleveland, Ohio, RICCARDI stole

multiple handfuls of mail pieces she believed were likely to contain gift cards and cash, focusing primarily on brightly colored envelopes that appeared to contain greeting cards. RICCARDI set these mail pieces aside as she was sorting the mail, and then concealed them in her bag of personal possessions.

o. On or about December 11, 2017, while processing and handling U.S. mail at the USPS Processing and Distribution Center in Cleveland, Ohio, RICCARDI stole 108 pieces of First-Class U.S. mail she believed were likely to contain gift cards and cash, focusing primarily on brightly colored envelopes that appeared to contain greeting cards. RICCARDI set these mail pieces aside as she was sorting the mail, and then concealed them in her bag of personal possessions and in her lunch box. During her mid-shift break, she took the bag and lunch box with the stolen mail to her car, drove to Defendants' residence, opened some of the mail, deposited the stolen mail in the house with DENNIS, and returned to work. Among the stolen mail that had been opened were a greeting card from a mother to her daughter, signed "Love you! Mom," and a greeting card from an uncle and aunt to their niece or nephew wishing a "Happy 1st Birthday."

p. On or about December 11, 2017, RICCARDI possessed four stolen gift cards on her person and four stolen gift cards in her personal vehicle.

q. On or about December 11, 2017, Defendants possessed in their residence, among other things, the 108 pieces of First-Class U.S. mail RICCARDI had stolen earlier that night, merchandise Defendants had purchased with stolen gift cards, approximately $42,000 in U.S. currency, an automatic currency counter, and 1,505 stolen gift cards for approximately 230 different merchants or vendors. Approximately 1,322 of the stolen gift cards bore face values, which totaled approximately $47,000. Defendants had

6

organized most of the stolen gift cards by merchant or category and laid them out on the floor in their house.

All in violation of Title 18, United States Code, Section 371.

COUNT 2
(Conspiracy to Commit Access Device Fraud, 18 U.S.C. § 1029(a)(3),
in violation of 18 U.S.C. § 1029(b)(2))

The Grand Jury further charges:

10. The allegations of Count 1 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

11. From in or around December 2016 and continuing through on or about December 11, 2017, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants JENNIFER RICCARDI and JOSEPH DENNIS did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to knowingly and with the intent to defraud, use one or more unauthorized access devices, as defined in Title 18, United States Code, Section 1029(e)(3), to wit: stolen gift cards, and by such conduct, from on or about January 1, 2017 and ending on or about December 31, 2017, obtain goods and services valued at $1,000 or more, and to knowingly possess 15 or more devices which were unauthorized access devices, as defined in Title 18, United States Code, Section 1029(e)(3), to wit: stolen gift cards, such use and possession affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2) and (a)(3), all in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 3
(Possession of Stolen Mail, in violation of 18 U.S.C. §§ 1708 and 2)

The Grand Jury further charges:

12. Paragraphs 1 through 4 and 6 through 9 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

13. In or around September 2017, in the Northern District of Ohio, Eastern Division, Defendants JENNIFER RICCARDI and JOSEPH DENNIS, aiding and abetting one another, did unlawfully have in their possession a letter and mail which had been stolen, taken, embezzled and abstracted from a mail route, and an article contained in the said letter, to wit: a letter addressed to Person 1 (a person known to the Grand Jury) in Parma, Ohio, and a $25 Starbucks gift card contained therein, knowing the said letter and article to have been stolen, taken, and embezzled from a mail route, in violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT 4
(Theft of Mail by Postal Employee, in violation of 18 U.S.C. § 1709)

The Grand Jury further charges:

14. Paragraphs 1 through 4 and 6 through 9 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

15. On or about December 11, 2017, in the Northern District of Ohio, Eastern Division, Defendant JENNIFER RICCARDI, a USPS employee, did knowingly embezzle a letter and any article or thing contained therein entrusted to Defendant, which came into Defendant's possession intended to be conveyed by mail and delivered by a person employed in any department of the USPS, to wit: a greeting card in a blue envelope decorated with stickers, addressed to Person 2 (a person known to the Grand Jury) in Lyles, Tennessee, in violation of Title 18, United States Code, Section 1709.

## COUNT 5
(Access Device Fraud – Possession of 15 or More Devices,
in violation of 18 U.S.C. §§ 1029(a)(3) and 2)

The Grand Jury further charges:

16. Paragraphs 1 through 4 and 6 through 9 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

17. On or about December 11, 2017, in the Northern District of Ohio, Eastern Division, Defendants JENNIFER RICCARDI and JOSEPH DENNIS, aiding and abetting one another, with the intent to defraud, did knowingly possess 15 or more devices which were unauthorized access devices, as defined in Title 18, United States Code, Section 1029(e)(3), to wit: stolen gift cards, said possession affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further charges:

18. The allegations contained in Counts 1 and 3 are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). As a result of these offenses, Defendants JENNIFER RICCARDI and JOSEPH DENNIS shall forfeit to the United States all property, real and personal, which constitutes—or is derived from—proceeds traceable to such offenses; including, but not limited to, the following:

    a. Approximately 1,505 stolen gift cards for approximately 230 different merchants or vendors. The defendants possessed the gift cards at their residence on or about December 11, 2017.

## FORFEITURE
(18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C))

The Grand Jury further charges:

19. The allegations contained in Counts 2 and 5 are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C). As a result of these offenses, Defendants JENNIFER RICCARDI and JOSEPH DENNIS shall forfeit to the United States all property constituting—or derived from—proceeds the defendant obtained, directly or indirectly, as the result of such offenses; and, all personal property used or intended to be used to commit such offenses; including, but not limited to, the following:

    a. Approximately 1,505 stolen gift cards for approximately 230 different merchants or vendors. The defendants possessed the gift cards at their residence on or about December 11, 2017.

A TRUE BILL.

Original document – Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.